UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO RAMON GARAVITO GALVIS,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | No.  1:26-cv-00957-DAD-AC (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On February 3, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release and an order enjoining respondents from re-detaining him without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that he is a danger to the community or a flight risk.  (Doc. No. 2.)  On February 4, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083

/////

1

(E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing to protect the petitioner's liberty interest in her continued release.  (Doc. No. 7.)

On February 5, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 8.)  Respondents concede therein that there does not appear to be any substantive distinctions between this case and *Ayala Cajina*.  (*Id.* at 1.)  Respondents also state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction.  (*Id.* at 2.)  Moreover, respondents state that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing.  (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on August 18, 2024, encountered immigration authorities, and was subsequently released under supervision.  (Doc. No. 1 at ¶ 8.)  On November 18, 2025 petitioner was re–detained by immigration authorities without a pre–detention hearing when he attended a scheduled check–in appointment as directed and despite his compliance with the conditions of his supervision and lack of criminal record.  (*Id.* at ¶ 10.)

Because respondents have conceded that this case is not substantively distinct from the court's prior order in *Franco*, the court incorporates and adopts the reasoning set forth in that order and finds that petitioner's continued detention violates due process.

For the reasons above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.      Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his re-detention on November 18, 2025;

    b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge

/////

2

where respondents will have the burden to demonstrate that petitioner is a danger to the community or a flight risk;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order;

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4.    The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:    **February 6, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE